2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JAMES HEARD,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 

 
No. 08-02-00279-CR
 
Appeal from the

Criminal District Court No. 2

of Dallas County, Texas 

(TC#F-0200813-VI) 





MEMORANDUM OPINION

           James Heard appeals from two convictions by a jury, both for the offense of burglary
of a habitation, each offense occurring on the same day. The two offenses were tried
together before a jury, which found Heard guilty, and, after hearing evidence concerning
prior convictions, found enhancement allegations to be true and assessed his punishment at
ninety-nine years for each offense. In two issues, he contends that the trial court erred by
admitting testimony of an extraneous auto theft because its probative value was substantially
outweighed by the danger of unfair prejudice and that the trial court erred in failing to grant
his challenge for cause against a venireperson who had reached a conclusion as to his guilt
for the offenses charged, thereby establishing a bias and prejudice against him. We affirm.
           Heard contends in Issue One that the trial court erred by admitting evidence of an
extraneous offense of auto theft because any probative value was substantially outweighed
by the danger of unfair prejudice. The standard for reviewing a trial court’s ruling on the
admission or exclusion of evidence is abuse of discretion. Burden v. State, 55 S.W.3d 608,
615 (Tex. Crim. App. 2001). As long as the trial court’s ruling is within “the zone of
reasonable disagreement,” there is not an abuse of discretion. Rachal v. State, 917 S.W.2d
799, 807 (Tex. Crim. App. 1996). We will uphold the trial court’s decision if it is correct on
any theory of law applicable to the case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim.
App. 2000).
           One of the complainants returned to her residence and discovered it had been
burglarized and numerous items taken. On the same date, perhaps about a mile away, a
repairman at the residence of the second complainant observed a suspicious person near that
residence that had also been burglarized. The repairman identified Heard as the man he
observed. When the suspect fled, the repairman recorded the license plate number of the
getaway vehicle. Police arrested Heard in that vehicle. The State offered testimony that the
getaway vehicle had been stolen.
           The State maintains that evidence that the truck Heard was driving was stolen was
admissible as “same-transaction contextual evidence.” Such evidence is that which concerns
other offenses connected to the primary offense and which is necessary for the state to
logically present evidence of the charged offense. Sparks v. State, 935 S.W.2d 462, 466
(Tex. App.--Tyler 1996, no pet.).
           Evidence presented showed that Mitchell D. Gatson, the Dallas police officer who
arrested Heard, had received both notification that the car driven by Heard was stolen and
that it was involved with the burglaries at issue here. Gatson testified that he arrested Heard
for driving a stolen car. We hold that the evidence of the stolen car was connected with the
offense in question and was necessary for the State to logically present evidence of the
charged offenses.
           Once the trial court determines that evidence of an extraneous offense is admissible
as same-transaction contextual evidence, the court must, upon proper objection, balance the
probative value of the evidence against the danger of unfair prejudice. Id. A Rule 403
balancing test includes the following factors: (1) how compellingly the extraneous offense
evidence serves to make a fact of consequence more or less probable--a factor which is
related to the strength of the evidence presented by the proponent to show the defendant in
fact committed the extraneous offense; (2) the potential the other offense evidence has to
impress the jury “in some irrational but nevertheless indelible way;” (3) the time the
proponent will need to develop the evidence, during which the jury will be distracted from
consideration of the indicted offense; (4) the force of the proponent's need for this evidence
to prove a fact of consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an issue in dispute. 
Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).
           Under the circumstances of this case, the fact that the vehicle in question was stolen
was not a fact of consequence in this prosecution for burglary; the evidence had the potential
to impress the jury in some irrational but nevertheless indelible way; it took the proponent
little time to develop the evidence; and the fact is not related to an issue in dispute. We hold
that the trial court erred in overruling Heard’s Rule 403 objection to evidence that the car
Heard was driving was stolen.
           Having found error, we must conduct a harm analysis to determine whether the error
calls for reversal of the judgment. Tex. R. App. P. 44.2. Inasmuch as the error is not
constitutional, we apply Rule 44.2(b) and disregard the error if it does not affect the
appellant’s substantial rights. Id.; see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim.
App. 1998) (op. on reh’g). A substantial right is affected when the error had a substantial
and injurious effect or influence on the jury’s verdict. King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997). In making this determination, we review the record as a whole. 
Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 1248 (1946).
           There were several references before the jury to the fact that the vehicle Heard was
driving was stolen. Counsel for Heard mentioned this in his final argument, while the
prosecutor did not. The jury was instructed to consider extraneous offenses only if they
found the defendant committed them, and then it might only be considered in determining
the defendant’s motive, opportunity, intent, plan, identity, knowledge or absence of mistake,
if any, alleged against him in the indictment. Both Heard and the vehicle he was driving
were positively identified as being present at one of the burglaries; Heard made a statement
acknowledging his participation in the burglaries as a party; and he was in possession of
property taken in the burglaries at the time of his arrest. We hold that, given the entire
record, the admission of the evidence that Heard was driving a stolen car during the
burglaries and at the time of his arrest did not affect his substantial rights. We overrule Issue
One.
           Heard urges in Issue Two that the trial court erred in failing to grant his challenge for
cause against a venireperson who had reached a conclusion as to his guilt for the offenses
charged and who had established a bias and prejudice against him. During the voir dire
examination, the venireperson in question testified that he could hear Heard tell his counsel,
“If I’m going to get some time, let’s just get on with it.” He said it bothered him. He also
related that Heard made a derogatory remark about another venireperson when the panel was
being questioned about whether they could accept the minimum and maximum punishments. 
When asked if knowing what he knew would maybe cause him to prejudge the evidence, the
venireperson replied, “If I was sitting in this chair, I don’t think if I was innocent, I would
say, ‘If I’m going to get some time, let’s just get on with it.’” The venireperson related that
he was “fine with the law.” The trial court overruled Heard’s challenge for cause.
           To preserve error on denied challenges for cause, an appellant must demonstrate on
the record that: (1) he asserted a clear and specific challenge for cause; (2) he used a
peremptory challenge on the complained-of venireperson; (3) all his peremptory challenges
were exhausted; (4) his request for additional strikes was denied; (5) he identified an
objectionable juror; and (6) he claimed he would have struck the objectionable juror with a
peremptory strike if he had one to use. Allen v. State, 108 S.W.3d 281, 282 (Tex. Crim. App.
2003). Heard asserted a clear and specific challenge for cause; he used a peremptory strike
against the venireperson in question; he exhausted all of his peremptory challenges, and the
trial court denied his request for additional peremptory challenges. At the time the trial court
denied Heard’s challenge for cause, counsel for Heard stated to the court, “And we state that
we were -- at this time, we were required to accept jurors who were not acceptable to us in
that -- not acceptable to the defense.” Counsel did not identify to the court any particular
juror who was objectionable. An appellant fails to preserve error with respect to a challenge
for cause where he or she identifies the objectionable juror in the appellate court, but not at
the trial court level. Id. at 282-83. In the case at bar, Heard does not identify the
objectionable juror at either level. Consequently, we hold that he has waived his right to
complain on appeal that the trial judge erroneously overruled his challenge for cause. We
overrule Issue Two.
           The judgments are affirmed.
 
                                                             JOHN HILL, Chief Justice (Ret.)
November 18, 2004

Before Panel No. 5
Hill, C.J. (Ret.), McClure, and Chew, JJ.
Hill, C.J. (Ret.) sitting by assignment
 
(Do Not Publish)